UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN LANE and ) | |
| TINA LANE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13-CV-704-JED-FHM |
| ) | |
| DELBERT JACKSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This is a civil rights case brought by two home owners, Kevin and Tina Lane (the "Lanes"), alleging that a Depew, Oklahoma police officer, Delbert Jackson, searched their residence in violation of the Fourth Amendment. Officer Jackson seeks dismissal of the Lanes' lawsuit pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (*see* Doc. 6). The Court finds that Jackson's motion to dismiss should be denied for the reasons set forth below.

### BACKGROUND

The Lanes allege that, on January 3, 2013, Jackson, who was in the course of his duties as a police officer, entered their home without a warrant, other lawful authority, or the consent of their daughter, Ashley Lane, who was present at their home. The Lanes, who were not home at the time, could determine upon their return to the home that a search had been conducted, but were unsure whether anything had been removed. The complaint states that Jackson was subsequently charged with, and pled guilty to, breaking and entering in Creek County District Court in connection with his entry into the Lanes' home. The Lanes assert a single claim pursuant to 42 U.S.C. § 1983 for violation of their Fourth Amendment rights, and seek damages, including punitive damages, in excess of $75,000 based upon the allegedly unlawful search.

## STANDARDS

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562.

*Twombly* articulated the pleading standard for *all* civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the claimant. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

**DISCUSSION**

Jackson seeks dismissal of the Lanes' § 1983 claim for three reasons: their complaint fails to allege that Jackson's entry into the residence was unlawful; they have not alleged a search or seizure within the meaning of the Fourth Amendment; and their complaint alleges only a de minimus harm. Jackson also seeks dismissal of the Lanes' request for punitive damages.

First, Jackson argues that the Lanes' complaint should be dismissed because the Lanes have alleged in a conclusory fashion that Jackson's entry into the home was unlawful based upon the statement that it was done "without a warrant, or other lawful authority." (Doc. 6, at 3 (quoting Doc. 2)). In addition, Jackson asserts that he entered the home based upon exigent circumstances. It is abundantly clear that, at the dismissal stage, such an allegation on the part of the defendant does not, and cannot, support dismissal. *See, e.g., United States v. Gallegos*, 459 F. App'x 714, 716 (10th Cir. 2012) ("a district court cannot consider material outside of a complaint when considering whether to dismiss a claim under Rule 12(b)(6)"). Plaintiffs' complaint does not mention any exigent circumstances and the allegations found therein sufficiently plead unlawful entry into the home by virtue of the allegation that entry was without a warrant or other lawful authority. (Doc. 2, ¶ 4).

Second, Jackson argues that the Lanes have not alleged a search or seizure within the meaning of the Fourth Amendment. More precisely, Jackson states that no search has been alleged because, even accepting the Lanes' allegations as true, "it is not a search 'when a law enforcement officer makes *visual observations* from a vantage point he rightfully occupies.'" (Doc. 6, at 4 (quoting *United States v. Burns*, 624 F.2d 95, 100 (10th Cir. 1980) (italics in defendant's brief)). Of course, Jackson's argument presupposes that he "rightfully" occupied his position inside the Lanes' home—a proposition directly controverted by plaintiffs' complaint.

3

The Lanes allege that Jackson's entry into their home was without lawful authority and that they could observe that a search had taken place when they returned home. (*See* Doc. 2, at 2). In addition, the Lanes assert that their daughter, Ashley Lane, "was present in the residence, and she did not give [Jackson] permission to enter and search the premises." (*Id*., ¶ 5). As the Supreme Court has noted, the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York*, 445 U.S. 573, 585 (1980) (quotations omitted); *see also Kyllo v. United States*, 533 U.S. 27, 31 (2001) ("At the very core of the Fourth Amendment stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion. With few exceptions, the question whether a warrantless search of a home is reasonable and hence constitutional must be answered no."). The Lanes have sufficiently pled that a search, in the Fourth Amendment sense, occurred.

Third, Jackson asserts that the Lanes' case should be dismissed because "the alleged search and seizure is too minimal to merit relief." (Doc. 6, at 4). In *Mimics, Inc. v. Village of Angel Fire*, the Tenth Circuit held that "intentional, uninvited" entries onto commercial property "were more than de minimis searches under the Fourth Amendment." 394 F.3d 836, 844 (10th Cir. 2005). Here, the complaint alleges that Jackson engaged in an intentional and uninvited search of the Lanes' home and that he was criminally charged as a result. In consideration of the allegations in plaintiffs' complaint, the Tenth Circuit's decision in *Mimics, Inc*., and the heightened protections afforded under the Fourth Amendment to a person's home, *see Kyllo*, 533 U.S. at 31, the Court cannot say at this stage that the alleged search was *de minimus*. Jackson's request for dismissal on this basis is therefore denied.

Finally, Jackson seeks dismissal of plaintiffs' request for punitive damages. To that end, he argues that the facts alleged do not rise to the level of reckless disregard for the plaintiffs'

4

rights.  The plaintiffs' complaint alleges a blatant constitutional violation on the part of Jackson. Most notably, the plaintiffs allege that Jackson was criminally charged and pled guilty as a result of his intrusion into their home.  Accepting the Lanes' allegations as true, as the Court must, the Court finds that the facts alleged, if proven, could amount to a reckless disregard for the plaintiffs' rights.  Defendant's request for dismissal of plaintiffs' request for punitive damages at this early stage of the proceedings is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss and Brief in Support (Doc. 6) is **denied**.

Defendant is directed to file his answer within 14 days of the date of this Opinion and Order.  The parties are also directed to file a Joint Status Report within 21 days.

**SO ORDERED** this 7th day of April, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE